## GREEN v. YOUNG.

(Superior Court of Buffalo, Special Term.    October 31, 1892.)

EXECUTION AGAINST THE PERSON—RELEASE—SUBSEQUENT EXECUTION.

Where a judgment defendant, arrested on an execution against the person, is released by plaintiff's direction, on paying part of the judgment, the release is voluntary, and, notwithstanding defendant's agreement that the judgment shall remain in force, and that execution against the person may again issue after a certain time, plaintiff's right to issue execution against the person is exhausted.

Action by John Green against Lucius W. Young.    Plaintiff recovered a judgment against defendant, and caused his arrest under an execution against the person.    Having been discharged by direction of plaintiff, defendant now moves for an order to restrain plaintiff from issuing a second execution against the person.    Motion granted.

Harvey W. Brown, for the motion.

George Clinton, opposed.

WHITE, J.    On September 29, 1892, the plaintiff recovered a judgment against the defendant for one of the causes of action mentioned in the Code of Civil Procedure which justify the issuing of an execution against the person after the return of an execution against property unsatisfied.    On the same day judgment was entered; but, after the return of an execution against his property had been properly issued upon the judgment and returned unsatisfied, the defendant was arrested by the sheriff of Erie county upon an execution against his person, and taken into close custody.    Thereupon he was, on the same day, voluntarily released from such custody by direction of the plaintiff, on paying a part of the judgment, and agreeing in writing that his person might be again taken in execution at any time after the expiration of 15 days, and that the judgment should remain in full force and effect notwithstanding such release.    At common law, the voluntary release of a judgment debtor charged in execution operated as an absolute satisfaction of the judgment, notwithstanding any agreement to the contrary by the parties.    Under the statute law of this state, the defendant could have been discharged from the arrest in question, leaving the judgment in force and enforceable by any of the remedies provided by law, except an execution against his person, after remaining in custody for the space of 30 days, by the service of a written notice from the plaintiff to the sheriff, requiring him to discharge the defendant from such custody, as provided in section 1,494 of the Code, or at any time upon the petition of the defendant himself, on his making an assignment of his property, etc., as provided by article 3, tit. 1, c. 17, of the Code.    According to the terms of the execution under which he was arrested, he could not have been released from custody "according to law" in any other way.    It is claimed by the plaintiff that the defendant was not, in fact, voluntarily released, but that the execution was simply withdrawn.    I am of the opinion that the transaction will admit of but one construction, and that it was in law a voluntary release directed by the plaintiff himself.    I am reluc-

tantly forced to the conclusion that in a case like this the common-law rule still prevails in this state, and that, notwithstanding the agreement of the defendant to the contrary, the plaintiff's right to issue execution against his person has been exhausted, and that for the plaintiff to again enforce an execution against his person would be an abuse of process.

For these reasons the motion is granted, without costs.